Neal Walters
David A. Haworth
Christopher Corsi
BALLARD SPAHR LLP
A Pennsylvania Limited Liability Partnership
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
(856) 761-3400

*Attorneys for Defendant Choice Hotels International, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### (CAMDEN VICINAGE)

| | |
|---|---|
| Trocki Hotels, LP, Trocki Holding, Inc., Ira Trocki and Shari Trocki, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : |
| Choice Hotels International, Inc., | : : |
| Defendant. | : : |

### NOTICE OF REMOVAL

Defendant, Choice Hotels International, Inc. ("Choice"), by its undersigned counsel, hereby provides Notice, pursuant to 28 U.S.C. § 1446, of its removal of the above-captioned case from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey. Removal is proper for the following reasons:

      1.    Plaintiffs Trocki Hotels, LP, Trocki Holding, Inc., Ira Trocki and Shari Trocki (collectively "Plaintiffs") filed the Complaint in this action on August 16, 2010 in the Superior Court of New Jersey, Law Division, Atlantic County and served same upon Choice on

September 9, 2010. A true and correct copy of the Complaint is attached as Exhibit 1 and constitutes all of the process, pleadings and orders served upon Defendant to date.

2. This Notice is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days of service of Plaintiffs' Complaint.

3. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice is being sent to all counsel of record and will be filed with the clerk of the Superior Court of New Jersey.

4. By filing this Notice, Choice does not waive its right to object to service, service of process, the sufficiency of process, venue, or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

5. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey is the proper venue for removal because the Superior Court of New Jersey, Law Division, Atlantic County, the place where this action is pending, is located within the District of New Jersey.

## DIVERSITY OF CITIZENSHIP

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 as this suit is between citizens of different states and the total amount in controversy exceeds $75,000.00, exclusive of interest and costs. See Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002).

7. Plaintiffs are, and at all times relevant to the Complaint were, citizens and/or business entities formed under the laws of the State of New Jersey with a principal address at 631 Tilton Rd., Northfield, New Jersey 08225.

8. Choice is not a citizen of New Jersey for the purposes of removal or diversity jurisdiction. Choice is, and at all times relevant to the Complaint was, a Delaware corporation having a principal place of business at 10750 Columbia Pike, Silver Spring,

Maryland 20901. Thus, Choice is not a citizen of New Jersey for the purposes of determining the existence of diversity jurisdiction. See Wachovia v. Schmidt, 546 U.S. 303, 318 (2006).

## AMOUNT IN CONTROVERSY

9. The amount in controversy requirement under 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000.00, exclusive of interest and costs. "A District Court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed." Werwinski, 286 F.3d at 666 (quoting Steel Valley Auth. v. Union Switch Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

10. Where, as here, Plaintiffs fail to allege a specific amount of damages in the Complaint, the amount in controversy is measured "by a reasonable reading of the value of the rights being litigated." Werwinski, 286 F.3d at 666 (quoting Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)). Removal is proper unless it appears to a legal certainty that Plaintiffs cannot recover the jurisdictional amount. See Samuel-Basseett v. Kia Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004).

11. Plaintiffs' Complaint alleges three separate counts related to Choice's termination of Plaintiffs' franchise. Specifically, Plaintiffs allege: (1) violation of the New Jersey Franchise Practices Act, N.J.S.A § 56:10-1 et seq. ("NJFPA"); (2) breach of contract under the NJFPA; and (3) breach of contract in violation of the covenant of good faith and fair dealing.

12. While Plaintiffs' Complaint does not demand a specific amount in compensatory damages, Plaintiffs seek judgment in an amount not less than the value of the Comfort Inn Franchise on the date of termination, as well as the costs resulting from the termination of the Comfort Inn Franchise, to include annual operating losses and the costs

associated with the transition to another franchise. In addition to compensatory damages, Plaintiffs also seek attorney fees. Choice asserts that the addition of compensatory damages and attorney fees sought in the Complaint, if successful, would result in a judgment exceeding $75,000.00, exclusive of interest and costs.

13. Moreover, Plaintiffs have not pled to a legal certainty that they will not exceed $75,000 in damages, exclusive of interest and costs.

14. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Choice.

**WHEREFORE**, Defendant Choice hereby provides Notice of its removal of this action to the United States District Court for the District of New Jersey and requests that this Court assume full jurisdiction over this cause as provided for by law.

Dated: October 7, 2010

Respectfully submitted,

/s/ Christopher Corsi
Neal Walters
David A. Haworth
Christopher Corsi
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
(856) 761-3400

Attorneys for Defendant Choice Hotels International, Inc.